Jasen, J. (dissenting).
I would affirm the judgment of conviction.
The question presented here is whether the circumstantial proof points logically to the defendant’s gui]t and excludes to a moral certainty every other reasonable hypothesis.
I believe that the defendants conduct on the night in question raises the indisputable inference that he acted as a “ lookout ” and, as such, became a principal in the crime of burglary being committed at the time on the premises by one Ifenry Brown, a codefendant.
The acts ip question occurred at 1:30 in the morning and in an area that was virtually deserted. The record discloses fhat this defendant was ‘ ‘ walking up and down in front of the car lot and amongst the cars. And he. would come out and look up and down the street. And on two occasions he went fo the rear of this wooden office [the place burglarized] ”. The defendant circled the lot and building from one end to the other, fie walked between the cars and was looking up and down the deserted street when the police approached. While be was so “ shopping ” for a used car, a burglary was perpetrated in the small office structure that defendant twice circled.
While the proof presented by the People was sufficient to sustain the conviction, a reading of the entire record which includes defendant’s own testimony adds weight to the propriety of the verdict. The trial court properly weighed the relative credibility of the defendant and the arresting officer.
The question is whether the proven facts of defendant’s conduct are consistent with and point to defendant’s guilt and are inconsistent with his innocence. (People v. Harris, 306 N. Y. 345; People v. Weiss, 290 N. Y. 160; People v. Taddio, 292 N. Y. 488.) Defendant’s conduct must be viewed in the context in *369 which it occurred—at 1:30 in the morning in an area that was virtually deserted. The inference to be drawn from these actions, most logically, is that drawn by the trier of the facts and approved upon appellate review, that this defendant was acting as a lookout.
From that inference it can be determined that, as a matter of law, a lookout acts with another in the pursuit of a common purpose since he is in a position to insure the success of the common illegal enterprise. As such, the lookout is a principal, equally chargeable with the actual perpetration of the crime of burglary which was clearly established here. (People v. Walsh, 262 N. Y. 140,147; People v. Lunse, 278 N. Y. 303, 312; People v. Michalow, 229 N. Y. 325, 330.)
I cannot say that the conduct of the defendant, as disclosed by the record, raises, as a matter of law, a reasonable hypothesis of his innocence.
Chief Judge Fuld and Judges Burke and Keating concur with Judge Breitel; Judge Jasen dissents and votes to affirm in an opinion in which Judges Scileppi and Bergan concur.
Judgment reversed, etc.